# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-492V

| | |
|---|---|
| SYDNEY GRIGGS,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: October 8, 2024 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION DISMISSING CASE**[1]

On January 11, 2021, Sydney Griggs filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table Injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of his October 13, 2020 influenza ("flu") vaccine. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.   Relevant Procedural History

As noted above, the case was initiated in January 2021. While this case was still in the Pre-Assignment ("PAR") Unit, following *several* motions for extensions of time, Petitioner submitted his vaccination record, medical records, and an affidavit in March 2023. ECF Nos. 6-9, 11-26. I subsequently directed Petitioner to file the required PAR Medical History Questionnaire, any remaining outstanding medical records, and a statement of completion. Non-PDF Order, docketed Mar. 29, 2023.  Petitioner thereafter submitted three additional motions for extensions of time to file the outstanding information in support of his claim, which were granted. ECF Nos. 27-29.

In July 2023, I issued an Order noting that Petitioner "has not yet filed a statement of completion to indicate that all documents required by the Vaccine Act have been filed." ECF No. 30. I warned Petitioner that "[d]ue to the amount of time that this case has been pending in PAR, this case will be granted one final extension of time before being reassigned for further proceedings." *Id.* In response, Petitioner filed a motion for extension of time. ECF No. 31.

This case was then activated and reassigned to the SPU on April 17, 2024, along with an Order for Petitioner to submit the outstanding documentation within sixty days. ECF No. 32. Petitioner subsequently missed this deadline. After an extension of his deadline, Petitioner filed another motion for extension of time, stating he "require[d] additional time to comply with the aforementioned Order[;]" the motion was granted. ECF No. 35; Non-PDF Order, docketed July 8, 2024. On August 19, 2024, Petitioner filed an additional motion for extension of time, reporting he "require[d] additional time to determine how he intends to proceed." ECF No. 36.

On August 26, 2024, after a review of the record, I issued an Order to Show Cause, instructing Petitioner to file a response to my Order explaining why his claim should not be dismissed for failure to prosecute, and to provide the other information in regard to his claim by no later than October 10, 2024. Order to Show Cause at 3, ECF No. 37. In response, Petitioner filed an unsigned "personal narrative" and a motion for a decision dismissing his petition. ECF Nos. 38, 40.

## II.   Failure to Prosecute

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Hum. Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent

considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my August 26, 2024 Order to Show Cause, that his failure to follow orders issued in this matter risked dismissal of the claim. Because Petitioner has disregarded my orders, without justification or explanation as to the outstanding records and documentation in support of his claim, dismissal is now appropriate. Additionally, under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

### III.  Conclusion

Petitioner has failed to prosecute his claim. He has failed to provide the information necessary to proceed with his claim or otherwise respond to my August 26, 2024 Order to Show Cause.

**Accordingly, Petitioner's motion is GRANTED and this case is DISMISSED for failure to prosecute**. Petitioner's counsel shall provide a copy of this Decision to Petitioner by regular, certified, and electronic mail. The clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.